JOHN HERRLICH, RESPONDENT, v. MATTHEW T. BRENNAN, SHERIFF OF THE CITY AND COUNTY OF NEW YORK, APPELLANT.

*Notice — of fraudulent intent of vendor — what sufficient to establish.*

APPEAL from a judgment in favor of plaintiff, and from an order denying a motion for a new trial.

The defendant levied upon certain articles under and by virtue of an execution against one Pickhardt, and sold them.

The plaintiff, claiming to have purchased them in good faith, and for a valuable consideration, brought this action to recover the damages he sustained by the unlawful seizure. Pickhardt, on the 30th of August, 1872, sold the property to the plaintiff, taking notes for the consideration, extending over a term of nearly two years, but payable at different periods during that time. The plaintiff also agreed to pay what was due to the workmen then in the employment of the vendor. On the 3d of September, 1872, Pickhardt also assigned to the plaintiff all the outstanding debts due and amounting to about $1,500. For these the plaintiff paid by discharging debts due from Pickhardt. On the 9th of January, 1873, the sheriff made the levy already mentioned.

The court at General Term said: "The defendant's counsel requested the justice presiding, to charge, among other things, 'That to establish *notice to a purchaser* of the fraudulent intent of his vendor, it is sufficient to prove that the facts and circumstances are such as ought reasonably to have excited his suspicion and led him to inquiry,' and this was refused. The case was one to which

the principle involved in the request was applicable, and the request itself was good law.

"The case of *Williamson* v. *Brown* (15 N. Y., 354) establishes this proposition. If the facts and circumstances are such as ought to have excited suspicion and led to inquiry, the purchaser is regarded as having received notice of a fraudulent intent and required to investigate, and on the trial to explain or in some way overcome the effect of the notice thus given. Purchasers, under the circumstances suggested, cannot shut their eyes and shield themselves by proof of the payment of a consideration. They further and perfect the wrongful intent of the debtor when they assist him to dispose of his property."

*L. S. Chatfield*, for the appellant. *F. R. Coudert*, for the respondent.

Opinion by BRADY, J.; DAVIS, P. J., and DANIELS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.